## Brewer, et al. v. Claypool.

### (Decided March 3, 1925.)

### Appeal from Warren Circuit Court.

Contracts—Sellers of Drilling Rig Held Not Liable for Services in Moving Rig, Under Employment by Buyers.—Sellers of drilling rig held not liable for services in moving rig rendered by plaintiff employed by buyers to move it.

THOMAS, THOMAS & LOGAN for appellants.

DUNCAN MILLIKEN for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellee, Claypool, was engaged by one Fry, in consideration of $412.50, to remove an oil well drilling rig from the Johnson lease, in Warren county, to the city of Bowling Green, and there load it upon a railroad car ready for shipment to its purchaser in the state of Ohio, and pursuant to this employment did move the rig from the Johnson lease into the city of Bowling Green and on

to a lot owned by him, to await further orders. Having received no further orders the rig has never been loaded on a railroad car.

This suit was commenced by Claypool against Brewer, Hume and Fry, in the Warren circuit court, to recover of them $412.50 for moving the rig, alleging that by contract with the defendants he performed the services and was entitled to the contract price. Fry answered that he was only the agent of the Churn Creek Oil Company and one Talbert and had nothing to do with the employment save as agent of Talbert and the Churn Creek Oil Company; that he himself was employed on wages to help move the machine and that he engaged appellee Claypool to do the work, but this employment was for his principal, the Churn Creek Oil Company, and Talbert, who also represented that company. Fry was adjudged not liable for the contract price. The appellants, Brewer and Hume, answered that they were not parties to the contract and were not, therefore, liable; that they did not engage appellee, Claypool, to move the rig and did not promise to pay him for the services; did not know he had been employed to move the rig until after the services had been performed; that they had sold the rig to the Churn Creek Oil Company for $3,500.00, of which price they had received $500.00, the balance to be paid when the rig was on the car ready for shipment; that the sale was at the Johnson lease and that the moving was done for and at the behest of the agents of the Churn Creek Oil Company.

A trial by jury resulted in a verdict for the plaintiff, Claypool, and Brewer and Hume move this court for an appeal, insisting that the evidence does not support the judgment.

The evidence, as we read it, shows that appellee, Claypool, was engaged by Fry and another agent of the Churn Creek Oil Company to haul the drilling rig from the Johnson lease to the city of Bowling Green, and there load it on board a railroad car, ready for shipment, and agreed to pay him $412.50 for the services; that immediately Claypool went to work and after two or three days brought the rig into town, but being unable to find Fry, who had employed him, called on Brewer, who directed Claypool to haul the rig on to the lot owned by Claypool to await further orders from the purchasers

whom Fry represented. This was done by Claypool, but no further instructions have been received. Claypool testified Brewer and Hume did not contract with him to move the rig.

For appellants, Brewer and Hume, it is shown they did not make any contract with Claypool to move the rig; that Fry represented the Churn Creek Oil Company and engaged Claypool to move the rig and that Fry expected to get the money with which to pay Claypool from the Churn Creek Oil Company; that Fry was employed by the Churn Creek Oil Company and expected to get his pay from that concern but had never been paid. This is the substance of all the evidence.

The oil rig was on the Johnson lease in Warren county at the time it was purchased by the Churn Creek Oil Company. The written bill of sale does not show who was to move it to Bowling Green, but the inference to be drawn from the terms of the contract and the evidence as presented, would appear to be that the purchasers, Churn Creek Oil Company, were to take the rig at the Johnson lease. The charge for moving it would, therefore, fall upon the purchaser, the Churn Creek Oil Company. The evidence does not sustain the verdict and judgment.

Appeal granted, and judgment reversed for proceedings consistent herewith.

Judgment reversed.